[Cite as *Dovel v. Precision Pest Mgt.*, 2017-Ohio-8643.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

HAVEN DOVEL

     Plaintiff-Appellant

-vs-

PRECISION PEST MANAGEMENT

     Defendant-Appellee

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hofman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2017CA00080

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Massillon Municipal Court, Case No. 2016CVI551

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 20, 2017

APPEARANCES:

For Defendant-Appellee

For Plaintiff-Appellant

BRANDON T. PAULEY
Roderick Linton Belfance, LLP
50 S. Main Street, 10th Fl.
Akron, Ohio 44308

WILLIAM E. WALKER, JR.
333 Erie Street, South #192
Massillon, Ohio 44648-0192

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Haven Dovel appeals the April 18, 2017 Judgment Entry entered by the Massillon Municipal Court, which approved and adopted the magistrate's April 22, 2016 decision as order of the court, and granted judgment in favor of defendant-appellee Precision Pest Management.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In the fall of 2014, Appellant purchased a home located at 1028 Taggart Street, NW, Massillon, Stark County, Ohio ("the Property"). As a part of the process, Title One/Cutler Real Estate hired Appellee to conduct a pest inspection. On November 18, 2014, Appellee inspected the Property and prepared a Wood Destroying Insect Inspection Report. The report provided:

Based on a careful visual inspection of the readily accessible areas

of the structure(s) inspected:

 * * *

B. Visible evidence of wood destroying insects was observed as

follows:

 * * *

2. Dead insects, insect parts, frass, shelter tubes, exit holes, or

staining (description and location):

Termite Shelter Tube Stains, Garage Block N.E., S.W. in Shelter

Tubes Joist East, Block West Garage Termite Shelter Tubes, Block

Basement South Central.

**{¶3}** The report expressly stated it was not a structural damage report, and "it should be understood that some degree of damage, including hidden damage, may be present." The report advised, "It appears that the structure(s) or a portion thereof may have been previously treated." The report further recommended treatment for the control of termites. The report also noted five areas of the basement which were obstructed or inaccessible.

**{¶4}** Thereafter, Title One/Cutler Real Estate hired Appellee to treat the Property. Appellee treated the basement and perimeter of the home for termites on December 1, 2014.

**{¶5}** After purchasing the Property, Appellant discovered termite infestation in all of the basement walls, not just the "south central" wall, which had been referenced in the report. On September 8, 2015, E-Rock Construction provided Appellant with a proposal in the amount of $2,900.00, for work to be completed in the basement. The work contemplated by the proposal included framing outside walls/soffits; insulating outside walls; installing drywall on all walls/soffits; installing a drop ceiling; and completing miscellaneous electrical work. The proposal amount included all materials and all debris haul away.

**{¶6}** On March 11, 2016, Appellant filed the instant action in Massillon Municipal Court, alleging Appellee failed to perform a proper inspection of the Property and failed to disclose termite infestation in the basement. Appellant sought damages from Appellee in the amount of $2,900.00.

**{¶7}** The matter proceeded to trial before the magistrate. On April 22, 2016, the magistrate filed his decision/recommendation, granting judgment in favor of Appellee. The magistrate found Appellant did not prove his case by a preponderance of the evidence. The magistrate found Appellee performed an inspection and disclosed termite infestation. The magistrate further found there was no privity of contract between Appellant and Appellee as Appellee was hired and paid by Title One/Cutler Real Estate.

**{¶8}** On May 5, 2016, Appellant filed objections to the magistrate's decision, a praecipe to the court reporter for preparation of the transcript of the proceedings, and a motion for an extension of time for the preparation of the transcript. Via Judgment Entry filed May 9, 2016, the trial court overruled Appellant's objections and entered judgment in accordance with the magistrate's decision. The following day, the trial court granted Appellant's motion for an extension of time for the preparation of the transcript, granting Appellant until August 1, 2016, to file the transcript of the proceedings.

**{¶9}** Appellant filed an appeal to this Court. This Court reversed and remanded, finding the trial court erred in overruling Appellant's objections without allowing him the requisite time in which to file the transcript. *Dovel v. Precision Pest Control*, 5th Dist. Stark No. 2016CA00115, 2017-Ohio-203. Upon remand, the trial court again overruled Appellant's objections, and approved and adopted the magistrate's decision via Judgment Entry filed April 18, 2017.

**{¶10}** It is from that judgment entry Appellant appeals, assigning as error:

I. THE TRIAL COURT ERRED IN APPROVING AND ADOPTING THE MAGISTRATE'S DECISION AND RECOMMENDATION WHERE

THE MAGISTRATE FOUND THE HOMEBUYER WAS NOT A PARTY TO THE TERMITE INSPECTION AGREEMENT WHEN OHIO LAW PROVIDES HOMEBUYERS HAVE STANDING TO SUE AS HOMEBUYERS ARE INTENDED BENEFICIARIES OF TERMITE INSPECTION AGREEMENTS EXECUTED IN CONJUNCTION WITH HOME PURCHASES.

II. THE TRIAL COURT ERRED IN APPROVING AND ADOPTING THE MAGISTRATE'S DECISION AND RECOMMENDATION WHERE THERE WAS DOCUMENTARY AND TESTIMONIAL EVIDENCE OF THE DAMAGE AND COSTS TO REPAIR THE DAMAGE.

I

{¶11} In his first assignment of error, Appellant contends the trial court erred in approving and adopting the magistrate's decision and recommendation as the magistrate incorrectly determined Appellant was not a party to the termite inspection agreement.

{¶12} We need not address the issue of whether the magistrate's finding Appellant was not a party to the termite inspection agreement was correct as we find the magistrate's decision Appellee did not breach the contract is supported by the evidence.

{¶13} Appellant filed the instant action in the Massillon Municipal Court on March 11, 2016, essentially asserting a breach of contract claim. The Complaint states:

[Appellee] failed to perform a property inspection of the residence before I purchased and failed to disclosed [sic] termite infestation in the

basement, which was later discovered after purchase of the residence when I was investigating moisture issues and removed a wood panel and found the infestation. There was also active termites and it wasn't merely old damage.

**{¶14}** Appellee inspected the Property on November 18, 2014, and prepared a Wood Destroying Insect Inspection Report. As set forth in our Statement of the Facts and Case, supra, the report stated:

Based on a careful visual inspection of the readily accessible areas of the structure(s) inspected:

* * *

B. Visible evidence of wood destroying insects was observed as follows:

* * *

2. Dead insects, insect parts, frass, shelter tubes, exit holes, or staining (description and location):

Termite Shelter Tube Stains, Garage Block N.E., S.W. in Shelter Tubes Joist East, Block West Garage Termite Shelter Tubes, Block Basement South Central.

**{¶15}** In addition, the report expressly indicated it was not a structural damage report, and added, "it should be understood that some degree of damage, including

hidden damage, may be present." The report further advised, "It appears that the structure(s) or a portion thereof may have been previously treated." The report recommended treatment for the control of termites. The report also noted five areas of the basement which were obstructed or inaccessible.

{¶16} Based upon the evidence presented at the hearing before the magistrate, in particular the termite inspection report, the magistrate found Appellee fulfilled its obligation under the contract. We find the evidence supports the magistrate's decision. Appellee inspected the Property and provided Title One with a report containing its findings relative to termite infestation. Appellee presented evidence to establish it had satisfied the contract. Appellant failed to prove otherwise.

{¶17} Appellant's first assignment of error is overruled.

II

{¶18} In his second assignment of error, Appellant argues the trial court erred in approving and adopting the magistrate's decision and recommendation as he presented documentary and testimonial evidence of the damage as well as the cost to repair the damage.

{¶19} Having found in Assignment of Error I Appellee did not breach its contract, we find it unnecessary to analyze Appellant's second assignment of error based upon the two-issue rule.

{¶20} Appellant's second assignment of error is overruled as moot.

{¶21}  The judgment of the Massillon Municipal Court is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur