[Cite as *In re D.D.J.*, 2017-Ohio-4202.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| IN RE: D.D.J. | : | |
| | : | |
| | : | Appellate Case No. 27256 |
| | : | |
| | : | Trial Court Case No. 1993-2232 |
| | : | |
| | : | (Appeal from Common Pleas Court- |
| | : | Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of June, 2017.

. . . . . . . . . .

STEPHANIE SLONE, Atty. Reg. No. 0084313, 14 West Fourth Street, Fifth Floor, Dayton, Ohio Dayton,
        Attorney for Appellee-Montgomery County Support Enforcement Agency

THOMAS G. KOPACZ, Atty. Reg. No. 0091202, 1105 Wilmington Avenue, Dayton, Ohio 45420
        Attorney for Appellant-Kenneth Jones

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Kenneth Jones, appeals from a trial court decision imposing a previously suspended jail sentence of 30 days for his failure to pay child support arrearages. In support of his appeal, Jones contends that the trial court abused its discretion by overruling his objections to the magistrate's decision only two days after the objections were filed, by denying his request to file a transcript, and by denying his request to supplement his objections. Jones also contends that the trial court committed plain error by failing to allow him sufficient time to file a transcript and to supplement his objections to the magistrate's decision.

{¶ 2} Appellee, Montgomery County Support Enforcement Agency ("SEA"), failed to file a brief and did not respond to our show cause order, which was filed on December 29, 2016. As a result, in deciding the appeal, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶ 3} After reviewing the record, we conclude that the trial court abused its discretion by overruling Jones' objections prior to the time within which the transcript could have been filed. We also find plain error in the trial court's decision. Even if Jones initially made only general objections to the magistrate's decision, the trial court's action prevented Jones from filing a transcript and from supplementing his objections. This affected the basic fairness of the proceedings.

{¶ 4} Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

I. Facts and Course of Proceedings

{¶ 5} This action began in March 1993, when L.B. (now L.J.) filed a paternity complaint in Montgomery County Juvenile Court, alleging that Jones was the father of her child, D.D.J., who had been born in February 1992. In September 1993, an agreed order was filed, in which Jones admitted that he was D.D.J.'s biological father. No child support was ordered at that time.

{¶ 6} In January 1996, the trial court ordered Jones to pay $50 per month in child support. Subsequently, in April 2007, the trial court adopted an administrative review recommendation and ordered Jones to pay $221.97 per month in child support, effective April 1, 2007. A seek work order was also filed. In addition, the SEA filed a motion to show cause in April 2007, alleging that in the past 578 months, Jones had paid only $49.85 in child support and currently owed $6,675.15.

{¶ 7} On July 20, 2007, a magistrate's decision and judge's order was filed, finding Jones in contempt, and sentencing him to 30 days in jail. The jail time was suspended, on the condition that Jones make current and timely support payments upon release from jail. The order further stated that Jones could purge the contempt by timely payments and payment of $200, in addition to his normal support obligation, within six months of his release from jail. Subsequently, in September 2007, SEA withdrew its motion to show cause, because Jones was in prison. SEA stated that it would refile its motion upon Jones' release.

{¶ 8} In June 2010, the trial court filed an order emancipating D.D.J., and terminating the support obligation as of June 8, 2010. The order noted that an arrearage existed, and ordered Jones to continue making payments of $221.87 on the arrearage,

plus 2% poundage until the arrearage was paid.

{¶ 9} SEA then filed a motion to impose sentence in January 2014. The motion alleged that over the lifetime of the child support order, Jones had paid only $882.44 and had an arrearage of $14,827.77. Jones was arrested after he failed to appear for the initial hearing, and on August 7, 2014, he was ordered to begin immediately serving the previously suspended 30-day jail sentence. This order contained a provision indicating that Jones could be released from jail upon payment of $1,400. A further order was filed on August 12, 2014, stating that Jones had served 30 days on his sentence and that zero days remained to be served.

{¶ 10} In May 2015, SEA filed a second motion for contempt, alleging that Jones had paid only $907.44 in child support, with the last payment having been $25 on May 5, 2014. When the motion was filed, Jones allegedly owed $14,873.81. A hearing was set, but Jones failed to appear for the hearing and a capias was issued for his arrest. No further order is in the record regarding this motion for contempt.

{¶ 11} On March 9, 2016, SEA filed a motion seeking imposition of sentence. According to the motion, the trial court had entered an order on November 6, 2015, finding Jones in contempt for failing to pay support and imposing a 60-day jail sentence, which was suspended on condition that Jones immediately begin to make timely payments. Allegedly, Jones failed to comply with this order. The record filed with our court does not contain a November 6, 2015 order, nor does the docket refer to any such order. A hearing was set for June 1, 2016, on SEA's motion to impose sentence.

{¶ 12} Jones appeared at the June hearing, and a further hearing was set for August 10, 2016. Jones also appeared at this hearing. The magistrate then filed a

magistrate's decision and judge's order on August 10, 2016, granting the motion to impose sentence. The order imposed the "previously suspended" sentence of 30 days in the Montgomery County Jail, and required Jones to report to the jail on September 9, 2016. Jones was given an opportunity to avoid the order to report by paying $1,500 to the SEA at any time prior to the report date. Magistrate's Decision and Judge's Order, Doc. #12, p. 1. The trial court signed the magistrate's order and adopted it as the order of the court. *Id.* at p. 2. The order indicated that the parties would have 14 days to object to the magistrate's decision.

{¶ 13} On August 17, 2016, Jones filed two documents with the trial court. One was a request for a transcript of the hearing to be prepared, and the other was a motion to set aside the magistrate's order. The latter document was a pre-printed form that allowed litigants to check one of the following options: (1) to object to the magistrate's decision and order; (2) to move to set aside the magistrate's order; (3) to file a Civ.R. 60(B) objection; and (4) to move to remove the magistrate. The form asked the grounds for the motion, and indicated that if a transcript were requested, litigants could supplement or add to this information after the transcript was filed. As grounds for the motion, Jones stated that he was paying child support weekly from his paycheck, and that if he were incarcerated, he would not have a job when he was released from jail.

{¶ 14} One day after Jones filed these forms, the trial court issued a decision dismissing the motion to set aside the magistrate's order. In dismissing the motion, the court reasoned that Jones' motion was not the proper mechanism for obtaining relief; instead, an "objection" was the proper mechanism. Furthermore, based on its dismissal of Jones' motion, the court concluded that the request for a transcript was moot.

{¶ 15} On August 24, 2016, counsel from the Montgomery County Public Defender's Office ("PD") filed objections to the magistrate's decision on Jones' behalf. The PD asked for time to file the transcript, stated it would pay for the transcript, and asked the court for additional time to file supplemental objections. In the motion, the PD explained that its office had been contacted by Jones' probation officer, who asked for assistance with Jones' case. Specifically, Jones was on probation for a non-support felony (for children other than D.D.J.), was working and paying support via wage-withholding, and was otherwise in compliance with the terms and conditions of his felony probation. However, if Jones were sent to jail in D.D.J.'s case, he would lose his job – and would obviously be unable to pay support.

{¶ 16} Two days later, the trial court overruled all of Jones' requests, and ordered Jones to report for jail on September 9, 2016. Jones timely appealed from the judgment on September 2, 2016.[1]

II. Did the Court Abuse Its Discretion in Overruling Jones' Objections?

{¶ 17} Jones' First Assignment of Error states that:

The Trial Court Abused Its Discretion in Overruling Mr. Jones' Objections and Adopting the Magistrate's Decision Without Affording Him Sufficient Time to File a Transcript of the Proceedings and Further Develop His Objections.

{¶ 18} Under this assignment of error, Jones contends that the trial court abused

---

[1] Jones indicates in his brief that on September 7, 2016, the trial court ordered a stay of its judgment pending appeal.

its discretion by failing to approve his request for a transcript and by refusing to allow him to file supplemental objections.

{¶ 19} Juv.R. 40(D)(3)(b)(i) allows parties 14 days to object after a magistrate's decision is filed. Objections must be specific and state with particularity the grounds for the objection. Juv.R. 40(D)(3)(b)(ii). The rule further provides that:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

Juv.R. 40(D)(3)(b)(iii). In addition, Juv.R. 40(D)(3)(b)(iv) states that:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

{¶ 20} If objections are filed, a trial court is to "undertake an independent review

as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). This is a de novo review. *In re C.B.*, 2d Dist. Montgomery No. 23615, 2010-Ohio-2129, ¶ 26. (Citation omitted.) In this situation, a trial court's duty is "precisely" to substitute its judgment for that of the magistrate, if warranted. *In re S.S.*, 2d Dist. Miami No. 09-CA-36, 2010-Ohio-992, ¶ 22, citing *Berk v. Mathews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 21} In contrast, appellate courts reverse a trial court's adoption of a magistrate's decision only when the court's decision is an abuse of discretion. This means that the trial court acted arbitrarily, unreasonably, or unconscionably. *Id.*, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} In support of his position that the trial court abused its discretion, Jones relies on *In re K.E.C.*, 11th Dist. Trumbull No. 2009-T-0035, 2010-Ohio-2819. In that case, the trial court overruled a parent's objections to a magistrate's report only two days after the parent had filed her objections. *Id.* at ¶ 17-18. The court of appeals concluded that this was an abuse of discretion, because Juv.R. 40(D)(3)(b)(iii) specifically allows parties thirty days to file a transcript or a supporting affidavit after they have filed objections to a magistrate's decision. *Id.* at ¶ 29-31.

{¶ 23} Because the court of appeals deemed this provision in Juv.R. 40(D)(3)(b)(iii) to be unambiguous, the court held that " ' * * * [A] court does not act reasonably when it affords a party less than thirty days from the date on which objections are filed to submit a transcript or affidavit in support.' " *Id.* at ¶ 30, quoting *Defrank-Jenne v. Pruitt*, 11th Dist. Lake No. 2008-L-156, 2009-Ohio-1438, ¶ 14. In a similar situation, we concluded that the trial court had committed plain error by refusing to allow a litigant to file a

transcript. *See Lincoln v. Rush Expediting, Inc.*, 2d Dist. Montgomery No. 23847, 2010-Ohio-5286, ¶ 10-13.

{¶ 24} In the case before us, the trial court overruled Jones' motion to set aside the magistrate's decision, based on the fact that the motion was not a proper mechanism for objecting. Jones' motion was filed on August 17, 2016, and under Juv.R. 40(D)(3)(b)(iii), Jones would have had until September 16, 2016, to file the transcript. As was noted, the court's decision was filed on August 18, 2016.

{¶ 25} We do hold pro se litigant to the same standards as attorneys. *See, e.g.*, *Cox v. Oliver*, 2d Dist. Montgomery No. 26515, 2015-Ohio-3384, ¶ 20. However, the trial court's decision to dismiss Jones' motion places form over substance, as an intent to object to the magistrate's decision is apparent from the document that Jones filed. *See, e.g., Ohio Dept. of Alcohol & Drug Addiction Servs. v. Morris*, 161 Ohio App.3d 602, 2005-Ohio-3053, 831 N.E.2d 499, ¶ 13 (5th Dist.) (noting that "all pleadings must be liberally construed to do substantial justice").

{¶ 26} In both *K.E.C.* and *Pruitt*, one judge dissented because the appellant did not actually request a transcript. *See K.E.C.*, 11th Dist. Trumbull No. 2009-T-0035, 2010-Ohio-2819, at ¶ 35-43 (Trapp, P.J., dissenting), and *Pruitt*, 11th Dist. Lake No. 2008-L-156, 2009-Ohio-1438, at ¶ 18-20 (Cannon, J., dissenting). However, unlike the appellants in those cases, Jones did ask to file a transcript of the hearing. Thus, assuming that Jones' motion or objection was appropriately filed, Jones would have had 30 days to file the transcript, or by September 16, 2016. The trial court ultimately adopted the magistrate's decision on August 26, 2016, which was clearly prior to the time the 30-day time limit would have expired.

{¶ 27} More importantly, even if the trial court had correctly dismissed the motion to set aside the magistrate's decision, Jones again filed objections on August 24, 2016. These objections were within 14 days of the magistrate's decision and were timely under Juv.R. 40(D)(3)(b)(i). At this point, Jones again asked for a transcript to be prepared, and would have had 30 days to file the transcript. However, Instead of waiting the appropriate amount of time, i.e., until September 23, 2016, the trial court violated Juv.R. 40(D)(3)(b)(iii) by overruling Jones' objections only two days after they were filed.

{¶ 28} In *Lincoln*, we noted that the trial court's failure to allow thirty days for filing the transcript "likewise denied [appellant] the opportunity afforded by Civ.R. 53(D)(3)(b)(iii) to seek leave of court to supplement his objection after a transcript was timely filed." *Lincoln*, 2d Dist. Montgomery No. 23847, 2010-Ohio-5286, at ¶ 10. Juv.R. 40(D)(3)(b)(iii) contains the same provisions as Civ.R.53(D) regarding a party's right to seek leave to supplement objections after the transcript is filed. As a result, our comments in *Lincoln* are equally applicable to the case before us. Consequently, we conclude that the trial court abused its discretion by ruling on the objections without affording Jones an opportunity to file the transcript or to seek leave to file supplemental objections.

{¶ 29} We note that Jones has filed the transcript on appeal. However, we are precluded from considering the transcript because it was not before the trial court when the court ruled on Jones' objections. *Lincoln* at ¶ 4, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 654 N.E.2d 1254 (1995).

{¶ 30} As a final matter, our review of the record indicates that Jones had completed the 30-day jail sentence that was suspended in July 2007 and was the subject

of the motion to show cause filed in 2014. As was noted in the decision filed on August 12, 2014, zero days were left on that sentence.

{¶ 31} The record before us also does not contain any order or any docket reference to a sentence that was allegedly imposed and suspended on November 6, 2015. We leave these issues for resolution by the trial court on remand.

{¶ 32} Based on the preceding discussion, the First Assignment of Error is sustained.

III. Plain Error in Failing to Allow Time to File a Transcript

{¶ 33} Jones' Second Assignment of Error states that:

The Trial Court Committed Plain Error by Failing to Allow Appellant

Sufficient Time to File a Transcript and Supplement His Objections.

{¶ 34} Under this assignment of error, Jones contends that the trial court committed plain error, even if his situation must be considered on a plain error analysis. In this regard, Jones notes that his initial objection could be classified as a "general objection." We have held that general objections do not satisfy the standard in Juv.R. 40(D), and that we must apply a plain error analysis in such situations. *In re N.M.*, 2d Dist. Montgomery Nos. 26469, 26482, 2015-Ohio-2180, ¶ 8. (Citations omitted.) However, even under a plain error standard, the trial court's decision cannot stand.

{¶ 35} "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. This standard is satisfied in the case before us.

**{¶ 36}** As an initial point, this case differs from *N.M.*, because transcripts were filed in *N.M.*, and the appellant had an opportunity to supplement his initial general objection. He simply failed to timely do so, and the trial court, therefore, did not address the supplemental objections. *N.M.* at ¶ 5-7.

**{¶ 37}** Furthermore, our decision in *Lincoln* was based on a plain error analysis. We stressed that the trial court's error put the appellant in a " 'Catch 22' " situation that affected "the basic fairness of the proceeding in which his claim for relief was adjudicated adversely to him." *Lincoln*, 2d Dist. Montgomery No. 23847, 2010-Ohio-5286, at ¶ 13. This observation also applies to the case before us. By precluding the filing of a transcript, the trial court prevented Jones from supplementing his general objection. The trial court also could not have independently reviewed the record, since it prevented a transcript from being filed.

**{¶ 38}** Accordingly, the Second Assignment of Error is sustained.


IV.   Conclusion

**{¶ 39}** All of Jones' assignments of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.


. . . . . . . . . . . . .


DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:


Stephanie Slone
Thomas G. Kopacz
L.J.
Hon. Anthony Capizzi