[Cite as *In re K.B.*, 2018-Ohio-3600.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

IN RE: K.B.

:
:
:    Appellate Case No. 27982
:
:    Trial Court Case No. 2015-7650
:
:    (Appeal from Common Pleas Court-
:    Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of September, 2018.

. . . . . . . . . . .

CEDRIC DOUGLAS, 316 Superior Avenue, Apartment G, Dayton, Ohio 45406
    Appellant-Pro Se

B.T., Dayton, Ohio
    Appellee-Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Cedric Douglas, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which overruled Douglas's objections to the magistrate's decision and denied Douglas's motions for interim parenting time, visitation, and change of custody. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Background and Procedural History

{¶ 2} In December 2015, Douglas filed a motion in the juvenile court for visitation by a non-parent, seeking visitation with K.B. On February 16, 2016, Douglas filed a second motion seeking custody of K.B. In both motions, Douglas identified himself as K.B.'s father, but he indicated in subsequent filings that K.B. is not his biological child. The magistrate held a hearing on the motions on March 1, 2016.

{¶ 3} The record indicates that, at the hearing, Douglas orally requested an interim order of visitation, which the magistrate orally denied. In a written entry, the magistrate scheduled a trial for April 21, 2016. Douglas filed a motion to set aside the magistrate's decision. On March 23, 2016, the trial court denied the motion, stating that it had reviewed the audio recording of the hearing and that the magistrate had correctly concluded that there was insufficient information to make a determination as to an interim visitation order.

{¶ 4} A trial was held on April 21, 2016, as scheduled; both Douglas and K.B.'s mother ("Mother") appeared. On May 10, 2016, the magistrate issued a written decision denying the request for visitation; the entry noted that the motion for change of custody was withdrawn at Douglas's request. Douglas filed objections to the magistrate's

decision, claiming racial bias by the magistrate and that Mother was not credible, and he requested a transcript. The motion for a transcript was granted, but Douglas was required to arrange for payment of a transcript within 14 days; Douglas apparently did not comply with this order, and no transcript was filed.

{¶ 5} On June 23, 2016, the trial court entered a judgment overruling Douglas's objections, denying the motion for visitation, and noting that the motion for a change of custody had been withdrawn. The trial court indicated that it had reviewed the audio recording of the hearing and found no support for Douglas's allegations. The court stated, in part, that the magistrate was respectful to both parties, competently handled the hearing, displayed no racial bias, and did not commit any ethical violations.

{¶ 6} Douglas did not appeal the trial court's June 23, 2016 judgment.

{¶ 7} On October 13, 2017, Douglas filed another motion for visitation by a non-parent, asserting that he had been emotionally and financially responsible for K.B. since K.B.'s birth in 2010. On the same date, Douglas filed a motion to remove the magistrate, alleging that the magistrate could not be fair due to the prior case. The trial court denied the motion to remove the magistrate, and a hearing before the magistrate was scheduled on the motion for visitation.

{¶ 8} In November 2017, Douglas requested that a court-appointed special advocate (CASA) be appointed for K.B. He also filed a motion for interim parenting time. On December 11, 2017, the magistrate held a hearing on the motions for visitation and interim parenting time, during which Mother and Douglas appeared. The same day, the magistrate issued a decision scheduling a trial on the matter for March 30, 2018; the magistrate's decision did not rule on the merits of the motions for visitation and for interim

parenting time.

{¶ 9} Douglas objected to the magistrate's decision and requested a transcript. Stated generally, Douglas raised in his objections that his drug abuse allegation regarding Mother had not been addressed, that his request for a CASA and emergency custody had not been addressed, that laws regarding putative fathers were not being enforced, and that the magistrate was not acting in a "fair, honest" manner. On January 11, 2018, the trial court granted the motion for a transcript and directed Douglas to contact the court reporter within 14 days to arrange for payment for the transcript. The court further granted Douglas 14 days after the filing of the transcript to supplement his objections. The record does not indicate whether Douglas contacted the court reporter, but no transcript was filed.

{¶ 10} On January 29, 2018, the chief justice of the Supreme Court of Ohio issued an entry denying a request by Douglas for the disqualification of the trial court judge. Douglas had argued that the judge should be removed because he refused to disqualify the magistrate handling this case. (In February 2018, the chief justice denied Douglas's motion for reconsideration, and she denied additional affidavits of disqualification and motions for reconsideration in March and April 2018.)

{¶ 11} On February 1, 2018, Douglas filed a motion for the appointment of an attorney and another motion for interim visitation. On February 7, 2018, Douglas filed a motion to expedite the trial. On February 8, 2018, Douglas filed a motion for custody of K.B. These matters were scheduled to be heard by the magistrate on March 30, 2018, the scheduled trial date for Douglas's prior motions.

{¶ 12} On February 22, 2018, the trial court overruled Douglas's objections to the

magistrate's December 11, 2017 decision, and its order set the matter for trial before the magistrate on March 30, 2018. Also on February 22, the trial court overruled Douglas's motion for the appointment of counsel, finding that he was not constitutionally or statutorily entitled to court-appointed counsel.

{¶ 13} On February 26, 2018, Douglas filed a motion to compel, asking the trial court to compel Mother to let him see K.B.

{¶ 14} A trial was held before the magistrate on March 30, 2018, apparently with Douglas and Mother present. The record does not contain a transcript of that hearing.

{¶ 15} On April 16, 2018, the magistrate filed a decision addressing (1) the October 13, 2017 motion for visitation, (2) the November 17, 2017 motion for interim order of parenting time, (3) the February 1, 2018 motion for interim visitation, and (4) the February 8, 2018 motion for change of custody. The magistrate denied each of the motions, finding that neither visitation nor legal custody to Douglas was in the child's best interest.

{¶ 16} Three days later, on April 19, Douglas filed a request for a transcript and objections to the magistrate's decision. In his objections, Douglas accused the magistrate, trial court, and the chief justice of the Ohio Supreme Court of "corruption" and asserted that the magistrate's attitude was "unbecoming of a judicial official."

{¶ 17} On April 23, 2018, the trial court overruled Douglas's objections, stating that Douglas discussed several matters "none of which were related to the matters before the Court." The court noted that Douglas did "not assert a mistake of fact or error of law that occurred at the hearing and therefore influenced the Magistrate's Decision." The trial court adopted the magistrate's ruling and entered judgment accordingly.

{¶ 18} Douglas appeals from the trial court's judgment, raising two assignments of

error. We will address them in reverse order.

## II. Allegations of Bias and Prejudice

{¶ 19} In his second assignment of error, Douglas claims that the magistrate's decision and the trial court's judgment were based on bias and prejudice, warranting reversal.

{¶ 20} "The disqualification of a judge is an extraordinary remedy." *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 26. R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for prejudice. Under that statute, a party or the party's attorney may file an affidavit of disqualification with the clerk of the Supreme Court of Ohio. R.C. 2701.03(A). The affidavit must meet several requirements, as set forth in R.C. 2701.03(B). If a proper affidavit is submitted, the chief justice of the supreme court or his or her designee determines whether the trial judge is biased or prejudiced. R.C. 2701.03(D), (E). Douglas employed this procedure on several occasions, seeking the disqualification of the trial judge; the chief justice of the Supreme Court of Ohio denied his requests for disqualification and denied his motions for reconsideration of those decisions.

{¶ 21} The procedure set forth in R.C. 2701.03 provides "the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995); *see also, e.g., State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 62; *Dibert v. Carpenter*, 2017-Ohio-689, 85 N.E.3d 419, ¶ 88 (2d Dist.); *State v. Hudson*, 2d Dist. Clark No. 2014 CA 53, 2014-Ohio-5363, ¶ 25; *State v. Galluzzo*, 2d Dist. Champaign No. 2004-CA-25, 2006-Ohio-309, ¶ 15. "A court of appeals does not have authority to rule on the

disqualification of the trial judge or to void a judgment of the trial court on that basis." *Easterling v. Hafer*, 2d Dist. Montgomery No. 24950, 2012-Ohio-2101, ¶ 9.

**{¶ 22}** Moreover, we find nothing in the record before us to suggest that the trial court's judgment was based on bias or prejudice against Douglas. "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *Weiner v. Kwait*, 2d Dist. Montgomery No. 19289, 2003-Ohio-3409, ¶ 89-90. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5; *State v. Hall*, 2d Dist. Montgomery No. 25858, 2014-Ohio-416, ¶ 9.

**{¶ 23}** Absent a showing of actual bias, the mere fact that the trial court had previously presided over and denied Douglas's prior motions for visitation, parenting time, and custody did not preclude the trial court from presiding over the motions at issue here. *See In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 2006-Ohio-7231, 884 N.E.2d 1095, ¶ 7 ("a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties"). And, there is nothing in this record to suggest that Douglas would have received a more favorable decision had another magistrate or trial judge presided over his case.

**{¶ 24}** Douglas's second assignment of error is overruled.

### III. Review of Trial Court's Judgment

{¶ 25} In his first assignment of error, Douglas claims that the trial court erred in denying his motion for visitation, because he satisfied the requirements of R.C. 3109.051. Douglas states that he has "an affinity" for and "deep bond" with K.B. and has had a parenting role in K.B.'s life. Douglas describes a "co-parenting regime" in which he purchased necessities for K.B., took K.B. for medical care, addressed issues that K.B. had at school, and cared for K.B. at his (Douglas's) residence.

{¶ 26} Juv.R. 40(D)(3)(b)(i) allows parties 14 days to object after a magistrate's decision is filed. Objections must be specific and state with particularity the grounds for the objection. Juv.R. 40(D)(3)(b)(ii). The rule further provides:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

Juv.R. 40(D)(3)(b)(iii). In addition, Juv.R. 40(D)(3)(b)(iv) states:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or

not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

{¶ 27} If objections are filed, the trial court is to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). The court must conduct a de novo review, without deference to the magistrate's findings. *See, e.g., In re D.D.J.*, 2d Dist. Montgomery No. 27256, 2017-Ohio-4202, ¶ 20. In contrast, if no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. Juv.R. 40(D)(4)(c).

{¶ 28} We review the trial court's adoption of a magistrate's decision for an abuse of discretion. *In re D.D.J.* at ¶ 21. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 29} In this case, the magistrate denied Douglas's motions on April 16, 2018. Three days later, Douglas filed timely objections to the magistrate's decision and requested a transcript of the March 30 hearing. On April 23, 2018, one week after the magistrate's decision, the trial court overruled Douglas's objections, adopted the magistrate's decision, and entered judgment against Douglas.

{¶ 30} In overruling Douglas's objections, the trial court concluded that Douglas's objections did not relate to the matters before the court, and it implicitly concluded that there was nothing in the record that could support Douglas's objections. Although

Douglas's objections could reasonably be described as a diatribe against the judicial officers involved in his case, it appears also to be broadly alleging that the magistrate's ruling and other unfavorable decisions against him were based on a personal animus or bias against him and were not consistent with the facts and the rule of law.

**{¶ 31}** Significantly, in conjunction with the filing of his timely objections, Douglas asked for a transcript of the March 30, 2018 hearing. Under Juv.R. 40(D)(3)(b)(iii), Douglas would have had 30 days to file the transcript. Even if Douglas's initial objections were only general, we have noted that, when a transcript is requested and filed, allowing specific supplemental objections to be filed after the initial filing of general objections is done as a matter of course. *See Przybyla v. Przybyla*, 2d Dist. Montgomery No. 27852, 2018-Ohio-3071, ¶ 103. Thus, once a transcript were filed, Douglas could have requested an opportunity to supplement his objections to raise issues directly related to the magistrate's findings that visitation and a change of custody were not in K.B.'s best interest. The trial court's judgment entry was filed prior to the expiration of the 30-day period for filing a transcript, thus preventing Douglas from seeking leave to file supplemental objections and from presenting the necessary evidentiary materials to support his objections. We therefore conclude that the trial court erred by ruling on the objections without affording Douglas an opportunity to file the transcript and to seek leave to file supplemental objections. *See, e.g., In re D.D.J.*, 2d Dist. Montgomery No. 27256, 2017-Ohio-4202.

**{¶ 32}** We note that Douglas states in his appellate brief that "[t]he preponderance of evidence is damning and very clear" that he has a right to reasonable companionship and visitation with K.B. At oral argument, Douglas asserted that he introduced exhibits

and testimony at the hearing before the magistrate which support his argument regarding visitation. Douglas further expressed at oral argument that, in the past, he has elected not to order a transcript due to the requirement that he pay for it. We emphasize that Douglas has the burden to support his objections to the magistrate's factual findings with "a transcript of all the evidence submitted to the magistrate relevant to that finding." Juv.R. 40(D)(3)(b)(iii). If, upon remand, Douglas chooses not to timely file a transcript and supplement his objections, the trial court would have no means to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law," other than what was apparent from the face of the magistrate's decision. *See* Juv.R. 40(D)(4)(d).

**{¶ 33}** Douglas's first assignment of error is sustained.

## IV. Conclusion

**{¶ 34}** The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies mailed to:

Cedric Douglas
B.T.
Hon. Anthony Capizzi