[Cite as *In re C.C*, 2024-Ohio-5013.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: C.C. | : | APPEAL NO. C-240373 |
|  |  | TRIAL NO. F21-535Z |
|  | : |  |
|  | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 18, 2024

*Jon R. Sinclair*, for Appellant Father,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Patsy Bradbury*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Pro Kids*, and *Elizabeth Hutson*, for the child's Guardian Ad Litum.

**WINKLER, Judge.**

{¶1}    Appellant father appeals the decision of the Hamilton County Juvenile Court granting permanent custody of his child, C.C., to the Hamilton County Department of Job and Family Services ("HCJFS").   This court sua sponte unconsolidates this appeal, the case numbered C-240373, from the appeal in the case numbered C-240365.

{¶2}    In father's sole assignment of error, he argues that the evidence was insufficient to support the juvenile court's judgment and that the judgment was against the manifest weight of the evidence.  This assignment of error is not well taken.

{¶3}    The record shows that on May 24, 2021, HCJFS filed a motion for temporary custody of the child.  Subsequently, the child was found to be dependent and placed in foster care.  On February 10, 2023, HCJFS filed a motion to convert temporary custody of the child to permanent custody.  We note that the applicable statute, R.C. 2151.414, was amended effective April 3, 2023.  The amendment made only minor changes.  Courts should apply the version of the statute in effect at the time the motion for permanent custody was filed.  *In re P., S., M. Children*, 2024-Ohio-2794, ¶ 17 (1st Dist.).  Consequently, we apply the version of the statute in effect on February 10, 2023.

{¶4}    At the hearing on HCJFS's motion, the magistrate found that the child had been in the temporary custody of HCJFS for 12 or more months of a 22-month period, that the child could not be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents, and that granting permanent custody to HCJFS was in the child's best interest.  *See* former R.C. 2151.414(B) and (D).  The child's mother objected to the magistrate's decision, but

father did not. After a hearing on mother's objections, the juvenile court found that the magistrate had considered all of the relevant factors and his decision was not against the manifest weight of the evidence. Therefore, it overruled mother's objections and adopted the magistrate's decision as the judgment of the court.

{¶5} Under former R.C. 2151.414(B), a juvenile court may grant permanent custody of a child to a public children services agency if it finds by clear and convincing evidence that (1) permanent custody is in the child's best interest and (2) one or all of the conditions in former R.C. 2151.414(B)(1) apply. *In re Z.C.*, 2023-Ohio-4703, ¶ 11; *In re C & M Children*, 2020-Ohio-4206, ¶ 23 (1st Dist.). An examination into the sufficiency of the evidence requires a reviewing court to determine whether the juvenile court had sufficient evidence before it to satisfy the clear-and-convincing standard. *In re C & M Children* at ¶ 23; *In re R.M.S.*, 2019-Ohio-4281, ¶ 27 (1st Dist.). When reviewing a challenge to the manifest weight of the evidence, we must review the record to determine whether the juvenile court lost its way and committed such a manifest miscarriage of justice that its judgment must be reversed. *In re C & M Children* at ¶ 23; *In re R.M.S.* at ¶ 27.

{¶6} Juv.R. 40(D)(3)(b) provides that a party may file written objections to a magistrate's decision within 14 days of the filing of the decision. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless that party has specifically objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv). If a party does not file objections, the court "may adopt the magistrate's decision, unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Juv.R. 40(D)(4)(c).

{¶7} Under Juv.R. 40(D)(4)(d), if objections are filed, the trial court undertakes an independent review as to the objected-to matter to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. *In re A.M.*, 2020-Ohio-5102, ¶ 39; *In re K.B.*, 2018-Ohio-3600, ¶ 27 (2d Dist.). The court must conduct a de novo review, without deference to the magistrate's findings. *In re K.B.* at ¶ 27. In contrast, if no timely objections are filed, the court may adopt the magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. *Id.*

{¶8} Because father failed to file objections to the magistrate's decision, we review for plain error. Plain error in civil cases is generally disfavored and is only applied in situations where any error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *In re J.W.,* 2019-Ohio-2730, ¶ 7 (1st Dist.), quoting *In re Etter*, 134 Ohio App.3d 484, 492 (1st Dist. 1998).

{¶9} This court has held that a challenge to the manifest weight of the evidence may not be reviewed for plain error. We stated,

> In view of the deference that an appellate court must give to factual findings by the trier of fact, and the weighing of the evidence required in assessing a claim that a judgment is against the manifest weight of the evidence, we conclude that a claim that a judgment is against the manifest weight of the evidence can never rise to the level of plain error.

*In re L.Z.*, 2021-Ohio-1872, ¶ 24 (1st Dist.), quoting *In re A.P.*, 2019-Ohio-139, ¶ 12 (2d Dist.). Consequently, we find no merit in father's claim that the trial court's decision was against the manifest weight of the evidence.

{¶10} Father also contends that the trial court's judgment was not supported by sufficient evidence. Arguably, we need not address father's remaining arguments.

This court has stated that when an appellant fails to develop a plain-error analysis, an appellate court need not create one on the appellant's behalf and may decline to reach the merits of the claim. *In re G.W.*, 2024-Ohio-1551, ¶ 24 (1st Dist.).

{¶11} Nevertheless, even if we review for plain error, we find no merit to father's contention that the evidence was insufficient. In reviewing a challenge to the sufficiency of the evidence supporting a grant of permanent custody, the role of this court is to independently review the evidence to determine if the trial court's decision is supported by clear and convincing evidence. *In re S.D., R.D., J.D. and M.D.*, 2020-Ohio-3379, ¶ 12 (1st Dist.); *In re A.Y.C.*, 2023-Ohio-4494, ¶ 34 (1st Dist.). The evidence supporting each element, or rather each permanent-custody finding, must satisfy the clear-and-convincing standard. *In re S.D.* at ¶ 12. In our review, we must accept factual determinations made by the trial court in support of the permanent-custody findings if they are supported by competent and credible evidence. *In re A.Y.C.* at ¶ 34.

{¶12} On its face, the magistrate's decision shows that the magistrate considered all of the relevant factors. The factual findings support the conclusions that the child had been in the temporary custody of HCJFS for 12 or more months of a consecutive 22-month period, and that the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents under former R.C. 2151.414(B)(1)(a) and (d). The factual findings also support the conclusion that granting permanent custody of the child to HCJFS was in the child's best interest.

{¶13} The juvenile court reviewed the magistrate's decision. It noted that the magistrate "performed a detailed review and analysis of the statutory factors in this matter." It found no error of law or other defect evident on the face of the magistrate's

decision and adopted it as the court's judgment. Therefore, the juvenile court did not err in adopting the magistrate's decision as to father and granting permanent custody of the child to HCJFS. Therefore, we overrule father's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:
      The court has recorded its own entry this date.