[Cite as *Dovel vs. Precision Pest Mgt.*, 2017-Ohio-203.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HAVEN DOVEL | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PRECISION PEST MANAGEMENT | : | Case No. 2016CA00115 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Massillon Municipal
                                 Court, Case No. 2016-CVI-551


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT:                January 17, 2017


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

WILLIAM E. WALKER, JR.                  BRANDON T. PAULEY
333 Erie Street                         Roderick Linton Belfance, LLP
South 192                               50 S. Main Street, 10th Floor
Massillon, Ohio 44648                   Akron, Ohio 44308

*Baldwin, J.*

{¶1}   Appellant Haven Dovel appeals a judgment of the Massillon Municipal Court finding in favor of appellee Precision Pest Management on his complaint for termite damage.

STATEMENT OF THE FACTS AND CASE

{¶2}   During the fall of 2014, appellant purchased a house.  As a part of the process, Title One/Cutler Real Estate hired appellee to perform a pest inspection.  On November 18, 2014, appellee inspected the property and prepared a Wood Destroying Insect Inspection Report.  The report found that there was visible evidence of wood destroying insects, specifically dead insects and insect parts in the south central portion of the block basement.  The report stated that it was not a structural damage report, and that it should be understood that some degree of damage, including hidden damage, may be present.  The report noted that the structure or a portion thereof may have previously been treated.  The report further recommended treatment for the control of termites.

{¶3}   Title One/Cutler Real Estate thereafter hired appellee to treat the property. Appellee treated the basement and perimeter of the home for termites on December 1, 2014.  After buying the house, appellant discovered termites in all of the walls of the basement, and not just the "south central' wall that had been referenced in the report.  On September 8, 2015, appellant received an estimate in the amount of $2,900.00 to remodel the basement.

{¶4}   Appellant filed the instant action seeking damages from appellee in the amount of $2,900.00, alleging that appellee failed to perform a property inspection of the residence prior to purchase and failed to disclose termite infestation in the basement.

{¶5} The case proceeded to trial before a magistrate in the Massillon Municipal Court. On April 22, 2016, the magistrate filed a report finding that appellant did not prove his case by a preponderance of the evidence. The magistrate found that appellee did perform an inspection and did disclose termite infestation. The magistrate further found that there was no privity of contract between appellant and appellee because appellee was hired and paid by Title One/Cutler Real Estate.

{¶6} Appellant filed objections to the magistrate's report on May 5, 2016. On the same day, appellant filed a praecipe to the court reporter for preparation of the transcript of the proceedings and a motion for an extension of time for the preparation of the transcript. The trial court overruled appellant's objections and entered judgment in accordance with the magistrate's decision on May 9, 2016. However, the court then granted appellant's motion for an extension of time for the preparation of the transcript on May 10, 2016, allowing appellant until August 1, 2016 to file the transcript of the proceedings.

{¶7} Appellant assigns three errors on appeal:

{¶8} "I. THE TRIAL COURT ERRED IN APPROVING AND ADOPTING THE MAGISTRATE'S DECISION AND RECOMMENDATION WHERE THE MAGISTRATE FOUND THE HOMEBUYER WAS NOT A PARTY TO THE TERMITE INSPECTION AGREEMENT WHEN OHIO LAW PROVIDES HOMEBUYERS HAVE STANDING TO SUE AS HOMEBUYERS ARE INTENDED BENEFICIARIES OF TERMITE INSPECTION AGREEMENTS EXECUTED IN CONJUNCTION WITH HOME PURCHASES.

{¶9} "II. THE TRIAL COURT ERRED IN APPROVING AND ADOPTING THE MAGISTRATE'S DECISION AND RECOMMENDATION WHERE THERE WAS

DOCUMENTARY AND TESTIMONIAL EVIDENCE OF THE DAMAGE AND THE COSTS TO REPAIR THE DAMAGE.

**{¶10}** "III.   THE TRIAL COURT ERRED IN APPROVING AND ADOPTING THE MAGISTRATE'S DECISION AND RECOMMENDATION BEFORE THE COURT REPORTER COMPLETED THE TRANSCRIPTION OF PROCEEDINGS BY THE EXTENSION DATE ORDERED BY THE TRIAL COURT."

III.

**{¶11}** We address the third assignment of error first, as it is dispositive of the appeal.

**{¶12}** Civ. R. 53(D)(3)(b)(iii) provides for the preparation of a transcript following the filing of objections to a magistrate's decision:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

**{¶13}** Appellant filed objections to the magistrate's report on May 5, 2016, along with a praecipe for the transcript and a motion for an extension of time to file the transcript. The trial court overruled appellant's objections to the magistrate's report on May 9, 2016, but granted the motion for an extension of time to file the transcript on May 10, 2016, giving appellant until August 1, 2016 to file the transcript. The transcript of the proceedings was filed on June 22, 2016.

**{¶14}** Ohio appellate courts have consistently held that a trial court errs in ruling on a party's objections to a magistrate's factual findings without allotting the party the requisite 30 days to obtain the necessary transcript. *Haverdick v. Haverdick,* 11th Dist. Trumbull No.2010–T–0040, ¶ 17, 23; *DeFrank–Jenne v. Pruitt,* 11th Dist. Lake No.2008–L–156, 2009–Ohio–1438, ¶ 12; *Bawab v. Bawab,* 8th Dist. Cuyahoga No. 96217, 2011–Ohio–5256, ¶ 28; *Cavo v. Cavo,* 4th Dist. Pickaway No. 05CA14, 2006–Ohio–928, ¶ 26; *Lincoln v. Callos Mgt. Co.,* 2nd Dist. Montgomery No. 23848, 2010–Ohio–4921, ¶ 10; *Ohio Environmental Protection Agency v. Lowry*, 10th Dist. Franklin No. 23848, 2011-Ohio-6820, ¶ 14. The trial court ruled on appellant's objections to the factual findings of the magistrate four days after they were filed, without giving appellant the thirty days provided by rule to file a transcript. Further, appellant requested a transcript of the proceedings at the same time he filed his objections, and requested an extension of time for its filing, which the trial court ruled on the day after ruling on the objections. The trial court erred in overruling appellant's objections without allowing appellant the time set forth in Civ. R. 53 to file the transcript.

**{¶15}** The third assignment of error is sustained. Appellant's first and second assignments of error are premature based on our ruling on the third assignment of error.

{¶16} The judgment of the Massillon Municipal Court is reversed and this case is remanded to that court for further proceedings according to law, consistent with this opinion. Costs are assessed to appellee.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.