[Cite as *Grant-Ross v. Dunsmore*, 2021-Ohio-3509.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

April Grant-Ross and Alvin Ross    Court of Appeals No.  L-20-1203

  Appellees         Trial Court No.  CVG-20-11922

v.

Diana M. Dunsmore      **DECISION AND JUDGMENT**

  Appellant        Decided:  September 30, 2021

* * * * *

Matthew L. Weisenburger, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Diana Dunsmore, from the November 4, 2020 judgment of the Toledo Municipal Court.  For the reasons that follow, we reverse.

**{¶ 2}** Appellant sets forth two assignments of error:

1. Due to the actions of the Appellee[s] title did not transfer as between Appellant and Appellee[s] meaning Appellant maintained ownership of the property.

2. Appellant had "color of title" based on the unsatisfied purchase contract, and therefore the eviction was improper.

## Background

**{¶ 3}** In the fall of 2020, appellant placed her house ("property" or "premises") up for sale by owner. On September 23, 2020, appellant and appellees, April Grant-Ross and Alvin Ross, entered into a contract in which appellees agreed to purchase the property from appellant for $147,500. Per the contract, appellees agreed to pay off appellant's equity line of credit in the amount of $59,000, then the remainder due was $88,500.

**{¶ 4}** Appellees paid off the equity line of credit on September 30, 2020, via a wire transfer. On October 6, 2020, appellant accepted a cashier's check from appellees' attorney, in the amount of $88,500, issued by Glass City Federal Credit Union. Also on October 6, 2020, appellant entered into an agreement with appellee Grant-Ross wherein appellant agreed to vacate the property on October 12, 2020. Along with this agreement, appellant executed a quit claim deed transferring the property to appellees "in consideration of a payment of $147,500." The deed was delivered to appellees' attorney.

2.

{¶ 5} Appellant deposited the cashier's check with the Parish Federal Credit Union on October 7, 2020, and a 10-day hold was placed on the funds. Thereafter, a stop-payment was placed on the cashier's check.

{¶ 6} On October 13, 2020, the deed was recorded. That same day, appellees served appellant with a document entitled "Requesting Tenant to Leave Premises (Three-day Notice) Ohio R.C. 1923.04." Appellees asked appellant to leave the property due to "Squatting in my home I pay for because my house was burn down[.]"

{¶ 7} On October 19, 2020, appellees filed a complaint for forcible entry and detainer for damages in Toledo Municipal Court. On October 28, 2020, appellant filed an answer and counterclaim.

{¶ 8} On November 2, 2020, a hearing was held before a magistrate, and Magistrate's Decision and Findings were issued. In the decision, the magistrate found: appellant "in possession of premise w/o color of title since 8-7-20"; "[n]otice to vacate (was) lawfully served"; and appellees "bought property & quit claim deed conveyed[.]" Also in the decision, the magistrate entered judgment for appellees for possession of the property, with a set out writ of restitution to issue at appellees' request. Appellees filed a praecipe for a writ of restitution on November 2, 2020.

{¶ 9} On November 3, 2020, the judge issued a judgment entry, adopting the magistrate's decision, and ordering that: appellees were "granted judgment for possession of the premises"; "a Writ of Restitution shall issue * * * at [appellees'] request for

3.

execution of a SET OUT eviction"; and "the Bailiff shall execute the writ." The entry was journalized on November 4, 2020, and stated it was a final and appealable order.

{¶ 10} On November 4, 2020, a writ of restitution for set-out was issued.

{¶ 11} On November 5, 2020, appellant filed objections to the magistrate's decision. On November 16, 2020, appellees filed a response to appellant's objections.

{¶ 12} On November 19, 2020, appellant's objections to the magistrate's decision were denied on the basis that "no transcript [was] provided."

{¶ 13} On December 3, 2020, appellant filed a notice of appeal. The municipal court case was stayed pending appeal. Appellant filed a brief. Appellees did not file a brief.

## Law

{¶ 14} This case involves an appeal of the trial court's judgment in which the court adopted the magistrate's decision and denied appellant's objections to the magistrate's decision.

{¶ 15} Civ.R. 53 governs magistrate decisions and the subsequent actions of litigants and the trial court. Civ.R. 53(D), entitled "Proceedings in Matters Referred to Magistrates," states in relevant part:

> * * *
>
> (3) Magistrate's Decision; Objections to Magistrate's Decision
>
> * * *

4.

(b) Objections to Magistrate's Decision.

(i) Time for Filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). * * *

* * *

(iii) Objection to Magistrate's Factual Finding; Transcript or Affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 16} In *Lincoln v. Rush Expediting, Inc.*, 2d Dist. Montgomery No. 23847, 2010-Ohio-5286, ¶ 10, the appellate court ruled that "[t]he trial court erred when it

overruled Lincoln's objection to the magistrate's factual finding without allowing Lincoln the thirty days in which to obtain and file a transcript of the hearing before the magistrate that Civ.R. 53(D)(3)(b)(iii) now permits." The appellate court made this ruling after recognizing that "Lincoln does not assign the Civ.R. 53(D)(3)(b)(iii) error the [trial] court committed for our review." *Id.* at ¶ 11. Thus, an appellate court "may notice the [trial] court's error only under the plain error doctrine." *Id.* The appellate court, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099 (1997), set forth:

> "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself." *Id.*

{¶ 17} The appellate court found "[t]he error was in the [trial] court's final judgment * * * to which Lincoln could not have objected. * * * The error the trial court committed puts Lincoln in a classic 'Catch 22' dilemma. It affects the basic fairness of the proceeding in which his claim for relief was adjudicated adversely to him. Therefore, * * * the error is plain error." *Id.* at ¶ 12-13.

6.

## Analysis

The timeline of the proceedings in the trial court relating to and following the magistrate's decision include:

November 2, 2020: Hearing before magistrate; magistrate's decision filed.

November 4, 2020: Trial court filed entry adopting magistrate's decision.

November 5, 2020: Appellant filed objections to magistrate's decision.

November 16, 2020: Appellees filed response to appellant's objections.

November 19, 2020: Trial court denied appellant's objections due to lack of transcript.

December 3, 2020: Appellant appealed. The transcript of the hearing before the magistrate was submitted with the appellate record.

{¶ 18} Upon review, we find the trial court committed plain error by denying appellant's objections due to lack of transcript fourteen days after she filed her objections, and by not affording appellant an opportunity to file the transcript within thirty days of filing her objections, as permitted by Civ.R. 53(D)(3)(b)(iii). Like in

7.

*Lincoln*, the trial court's error "affects the basic fairness of the proceeding."  We therefore find the trial court's judgment cannot stand and must be reversed.

{¶ 19} On consideration, the November 4, 2020 judgment of the Toledo Municipal Court is reversed.  This matter is remanded to the trial court for further proceedings consistent with this decision.  The costs of this appeal are assessed to appellees pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.          

Gene A. Zmuda, P.J.          

Myron C. Duhart, J.          
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.