[Cite as *White v. Grange Ins. Co.*, 2022-Ohio-497.]


**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SAYLOR R. WHITE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29151 |
| | : | |
| v. | : | Trial Court Case No. CVI2001640 |
| | : | |
| GRANGE INSURANCE COMPANY, et al. | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendants-Appellees | : | |


. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of February, 2022.

. . . . . . . . . . .

SAYLOR R. WHITE, 320 Hillway Drive, Dayton, Ohio 45405
        Plaintiff-Appellant, Pro Se

ANDREW R. TOPETZES, Atty. Reg. No. 0098723, 585 South Front Street, Suite 210, Columbus, Ohio 43215
        Attorney for Defendants-Appellees

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-Appellant, Saylor White, appeals pro se from two judgment entries of the Vandalia Municipal Court.   Saylor failed to include any specific assignments of error in his brief, but Defendants-Appellees, Grange Insurance Company ("Grange") and its claims adjuster, Elizabeth Taylor, have provided three presumed assignments of error based on assertions in White's brief.   These include: (1) the trial court erred in dismissing White's complaint as barred by the limitations period in Grange's insurance policy; (2) the court erred in finding that the Ohio Consumer Sales Protection Act ("CSPA") does not apply to insurance contracts; and (3) the trial court's decision was against the manifest weight of the evidence.

{¶ 2} An additional issue exists, raised by our show cause order of August 3, 2021, as to whether the second order at issue in this case, a May 26, 2021 order, was a final order that we have jurisdiction to consider.   The parties have responded to the show cause order, and we will address that point before discussing the three potential assignments of error.

{¶ 3} After considering the issues and record, we conclude that we have jurisdiction over both orders at issue in this case because White's objections, although untimely, were pending and had not been resolved when the trial court's initial order was filed.   In addition, the court's initial order did not contain a Civ.R. 54(B) certification stating that there was no just reason for delay.   The initial order, therefore, was not final under R.C. 2505.02.   White also filed a timely notice of appeal with respect to the May 26, 2021 final appealable order.

{¶ 4} We further find, under a plain error analysis, that there was no error below,

or any error. The trial court correctly dismissed White's action based on his failure to file suit within the time limits specified in the insurance policy. In addition, transactions between insurance companies and their customers are not consumer transactions under the CSPA.

{¶ 5} Moreover, we cannot address the manifest weight challenge because White failed to file a transcript of the trial court proceedings. Finally, the trial court did not abuse its discretion by refusing to consider White's objections to the magistrate's decision. Because the objections were untimely, the trial court had broad discretion to disregard them. The court's decision to do so was reasonable. Accordingly, the judgment of the trial court will be affirmed.


I. Facts and Course of Proceedings

{¶ 6} On November 12, 2020, White filed a small claims petition in the municipal court against Grange, his home insurer, and Taylor, who was a claims adjuster for Grange. The complaint alleged that Defendants had failed to write sufficient claims for damages for a roof and had failed to pay damages. White alleged damages in the amount of $6,000.

{¶ 7} The court set a mediation conference for December 18, 2020. Before the conference, Defendants filed an answer containing various affirmative defenses, including that the action was barred by the applicable statute of limitations. After the conference, Defendants filed a copy of White's insurance policy in support of a motion to dismiss the claims against Taylor. However, the motion itself was not filed until later (on January 11, 2021). At that point, Defendants again included a copy of the policy.

{¶ 8} On December 22, 2020, the court set a bench trial for January 25, 2021. As noted, Defendants filed a motion on January 11, 2021, seeking to dismiss Taylor as a defendant, since she was not a party to the insurance contract. On January 25, 2021, the court granted White's motion to continue the trial, gave White two weeks to respond to the motion to dismiss, and rescheduled the trial for March 21, 2021. White then responded to the motion on February 9, 2021. This was followed by Defendants' reply memorandum. On March 1, 2021, Defendants filed an additional motion to dismiss based on White's failure to file suit within the one-year limitations period in the policy. Defendants again attached a copy of the insurance policy to the motion.

{¶ 9} On March 2, 2021, the magistrate filed a decision granting the motion to dismiss Taylor from the action. The magistrate then filed another decision denying Grange's second motion to dismiss. The magistrate found genuine issues of fact concerning whether Grange's adjuster had waived the limitations period and concluded that White should be given a chance at trial to establish waiver. Magistrate's Decision (March 8, 2021), p. 2. Thus, the magistrate concluded that the trial set for March 29, 2021, should take place. No objections were filed to either magistrate's decision, and on March 23, 2021, the trial court filed a decision and judgment entry dismissing the claims against Taylor and denying the motion to dismiss the claims against Grange.

{¶ 10} On March 29, 2021, the magistrate held a bench trial and heard testimony from White and Taylor. The magistrate also admitted exhibits that had been introduced. After the trial, the magistrate filed a decision concluding that White had failed to file suit within the one-year limitations period set forth in the insurance policy. Magistrate's Decision (Apr. 7, 2021), p. 5. The magistrate further found that White had failed to

establish that the damages to the rear slope of his roof were caused by an event the policy covered. *Id.* at p. 6. White did not file objections to the magistrate's decision within 14 days. As a result, the trial court filed a final decision and entry on April 26, 2021, adopting the magistrate's findings. Final Decision and Judgment Entry (Apr. 26, 2021), p. 1. On the same day, the trial court also filed a final judgment entry dismissing White's claims with prejudice. Final Judgment Entry (Apr. 26, 2021), p. 1.

{¶ 11} Both entries were filed at 1:00 p.m. on Apr. 26, 2021. Previously, at 11:30 a.m. on April 26, 2021, White had filed untimely objections to the magistrate's decision. The court indicated later that it had not been aware of the objections when it issued its judgments. On May 26, 2021, the trial court filed an order and entry rejecting White's objections because they were not timely filed and were not supported by a transcript of the proceedings. Order and Entry (May 26, 2021), p. 1. The same day, White filed a notice of appeal from the "decisions" in this case. The notice of appeal was time-stamped about a half hour after the court's order and entry.

{¶ 12} With these facts in mind, we will consider the jurisdictional issues raised in our show cause order.

## II. Show Cause Order

{¶ 13} As indicated, our show cause order questioned whether the trial court had jurisdiction to consider White's April 26, 2021 objections. We also expressed uncertainty over whether White wished to appeal both the April 26, 2021 judgment and the May 26, 2021 judgment. Show Cause Order (Apr. 3, 2021), p. 1-2. We must consider these points before addressing the assignments of error, since jurisdiction cannot be either

waived or bestowed on a court. *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010-Ohio-6091, 947 N.E.2d 1214, ¶ 97 (2d Dist.), citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997). We are entitled to raise jurisdictional issues on our own motion. *Id.*

{¶ 14} In responding to the show cause order, White stated that he did intend to appeal both orders. In its own response, Grange relied on *Daniel v. Walder*, 2d Dist. Montgomery No. 27709, 2018-Ohio-3195, which is a case we had cited in our show cause order. Show Cause Order at p. 1. According to Grange, *Daniel* is similar to the present case both as to procedural history and questions of law.

{¶ 15} In *Daniel*, the magistrate's decision was filed on May 16, 2017, and the appellant's objections were due by May 30, 2017. However, the trial court issued a decision on May 23, 2017, and served the magistrate's decision, the court's judgment, and a notice of a final appealable order on appellant on May 31, 2017. Subsequently, on June 14, 2017, appellant filed untimely objections, and the trial court overruled the objections as untimely on August 15, 2017. Appellant then appealed from the August 15, 2017 judgment. *Id.* at ¶ 6-8.

{¶ 16} We refused to address the appeal's merits because the appellant failed to appeal from the May 23, 2017 final judgment. We noted that "[a] court may consider untimely objections but only '*so long as the trial court has not entered a final judgment.*' " (Emphasis sic.) *Daniel* at ¶ 17, quoting *Learning Tree Academy, Ltd. v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 15, fn. 2. We also stressed that "[a]fter a trial court has entered a final judgment, the court cannot consider objections." *Id.*, citing *Murray v. Goldfinger, Inc.*, 2d Dist. Montgomery No. 19433, 2003-Ohio-459, ¶ 5,

and *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981).

{¶ 17} While there were deficiencies in serving the magistrate's decision that prevented the appellant in *Daniel* from filing timely objections, we found his only recourse at that point was to appeal from the May 23, 2017 judgment or to file a Civ.R. 60(B) motion. *Id.* at ¶ 18-19. However, the appellant failed to do that; instead, he appealed only from the August 15, 2017 judgment. We concluded that this judgment was a nullity because the trial court lacked jurisdiction to enter it. *Id.* at ¶ 20. Therefore, we dismissed the appeal. *Id.* at ¶ 22.

{¶ 18} The case before us differs from *Daniel* procedurally, because White filed his untimely objections an hour and a half before the court adopted the magistrate's decision and dismissed the case. White also filed a notice of appeal that was timely with respect to both the April 26, 2021 and May 26, 2021 judgments. Consequently, *Daniel* does not assist with the issues before us. As a result, we must begin by considering whether the April 26, 2021 entry was a final appealable order that deprived the trial court of jurisdiction to issue any further orders.

{¶ 19} "In order to be final, an order must comply with the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable." *In re Guardianship of Igah*, 2d Dist. Montgomery No. 26416, 2015-Ohio-4511, ¶ 19. "R.C. 2505.02 defines a final order for purposes of appeal. Under R.C. 2505.02(B)(1) [which applies here], '[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment.' " (Parenthetical material added.) *State ex rel. Downs v. Panioto,* 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 18. "[I]f an order lacks

any of these three factors, it cannot be a final order." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). "The term 'substantial right' has been construed to mean a 'legal right,' one protected and supported by law." *Id.* "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Id.*

{¶ 20} Civ.R. 54(B) does allow appeal of orders that do not dispose of an entire case, but the court's decision must contain a certification expressly stating that there is no just reason for delay. This was not done here.

{¶ 21} Notably, magistrates' orders and decisions are interlocutory and are not effective until a trial court acts on them. *State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, 985 N.E.2d 1263, ¶ 2. Consequently, until the court acts, a final appealable order cannot exist. While the trial court here did adopt the magistrate's decision and did dismiss the case on April 26, 2021, White's previously-filed objections left something to be determined. It is only for this reason that the case before us can be distinguished from *Daniel* and other cases where a party files objections after the trial court has already rendered judgment on a magistrate's decision.

{¶ 22} Civ.R. 53, which governs references to magistrates, was substantially revised in 2006. Before these revisions, courts had held that if "objections are filed after the expiration of the fourteen-day period allowed by Civ.R. 53(E)(2), but before the court's entering final judgment, the court may consider them sua sponte, and such consideration will be construed as the granting of leave to file late objections pursuant to Civ.R. 6(B)."

*Baker v. Baker*, 68 Ohio App.3d 402, 405, 588 N.E.2d 944 (6th Dist.1990), citing *Russell v. Russell*, 14 Ohio App.3d 408, 410-411, 471 N.E.2d 810 (12th Dist.1984). *Accord Steiner v. Steiner*, 4th Dist. Ross No. 1950, 1994 WL 175121, *1 (May 4, 1994); *Gorombol v. Gorombol,* 11th Dist. Lake No. 95-L-036, 1996 WL 494760, *1 (Aug. 9, 1996); *Abate v. Abate*, 9th Dist. Summit No. C.A.19560, 2000 WL 327227, *3 (Mar. 29, 2000); *Tobey v. Arnold*, 7th Dist. Mahoning No. 98-CA-166, 2000 WL 1262453, *2 (Aug. 14, 2000); *Conroy v. Conroy*, 10th Dist. Franklin No. 93AP-27, 1993 WL 310421, *3 (Aug. 12, 1993); *In the Matter of Cook,* 8th Dist. Cuyahoga No. 65430, 1994 WL 317788, *1 (June 30, 1994); and *Koberstein v. Richland Lumber, Inc.*, 5th Dist. Richland No. 03-CA-110, 2004-Ohio-5291, ¶ 22.

{¶ 23} Before the revisions, Civ.R. 53 lacked a specific provision for extensions, but Civ.R. 6(B)(2) allowed motions to be filed after expiration of time based on a showing of excusable neglect. Using Civ.R. 6(B)(2), therefore, was appropriate. In addition, while an "objection" was not called a "motion" then or now, a version of Civ.R. 53 existing before 1975 equated "objections" with motions. *See* 1975 Staff Notes (noting that the language in Civ.R. 53 "was revised for the purposes of clearer expression. For example, under the amendment, the objections are to be considered as a motion as opposed to the prior provision that the objections be by motion. The latter could be interpreted as requiring a motion separate from, but seeking action on, objections to the report.")

{¶ 24} In the 2006 revisions, provisions for objecting to a magistrate's report were organized under Civ.R. 53(D)(4). A new provision, Civ.R. 53(D)(5) was also added, and provided that:

> For good cause shown, the court shall allow a reasonable extension

of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. "Good cause" includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision.

{¶ 25} This is still the current version. Civ.R. 6(B) has been revised a few times since 2006, but it has not changed in any relevant way. As indicated, Civ.R. 6(B)(2) allows parties to make motions after time has expired. An exception exists, stating that time may not be extended "for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them." Obviously, Civ.R. 53 is not included within this exception.

{¶ 26} After the 2006 revisions to Civ.R. 53, courts continued to refer to Civ.R. 6(B) and also referenced Civ.R. 53(D)(5) in cases involving untimely objections. This is not surprising, since "excusable neglect" in Civ.R. 6(B)(2) is quite similar to "good cause" in Civ.R. 53(D)(5). *See Hasch v. Hasch*, 11th Dist. Lake No. 2007-L-127, 2008-Ohio-1689, ¶ 26 (noting that cases decided under Civ.R. 6(B) "provide guidance as to the meaning of 'good cause' under Civ.R. 53(D)(5)").

{¶ 27} Under Civ.R. 6(B)(2), "[t]he determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995). *Accord Citizens Natl. Bank of SW Ohio v. Harrison*, 2016-Ohio-2746, 64 N.E.3d 315, ¶ 17 (2d Dist.) As an example, administrative confusion causing the filing of a late answer is not

"excusable neglect." *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 473, 605 N.E.2d 37 (1992).

{¶ 28} Civ.R. 53(D)(5) does not define "good cause," other than stating that it includes, but is not limited to, situations where the clerk fails to timely serve a party. As a general rule, "good cause" means a " '[s]ubstantial reason, one that affords legal excuse.' " *State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988), quoting *Black's Law Dictionary* 622 (5th Ed.1979) "The determination of what constitutes good cause can be made only on a case-by-case basis." *Id.* This is similar to the standard for excusable neglect.

{¶ 29} After Civ.R. 53 was revised in 2006, some courts have continued to construe a court's sua sponte consideration of untimely objections as granting leave to file objections to the magistrate's report. *E.g., Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 20; *Theodore v. Theodore*, 10th Dist. Franklin No. 14AP-718, 2015-Ohio-2657, ¶ 17; *Olson v. Olson*, 7th Dist. Columbiana No. 15 CO 2, 2015-Ohio-5550, ¶ 36.

{¶ 30} Other courts have simply referenced both Civ.R. 53(D)(5) and Civ.R. 6(B), while noting that trial courts have discretion to allow untimely filings. *See Losekamp v. Losekamp*, 12th Dist. Butler No. CA2013-11-213, 2014-Ohio-4422, ¶ 19 (stressing that the untimely filing must be before the trial court files its final judgment); *Cwik v. Cwik*, 1st Dist. Hamilton No. C-090843, 2011-Ohio-463, ¶ 84; *In re Estate of Mason*, 184 Ohio App.3d 544, 2009-Ohio-5494, 921 N.E.2d 705, ¶ 34 (8th Dist.); and *Learning Tree Academy,* 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, at ¶ 13-14.

{¶ 31} In light of the above analysis, we conclude that the decision of April 26, 2021

was not a final appealable order. The decision did not determine the action because White filed his objections before the trial court issued a judgment. *Compare Ramsey,* 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, at ¶ 8 (noting that the court had dismissed appellant's prior appeal as not "ripe for consideration due to the pending objections in the trial court"). The court also had discretion to consider the objections if it chose to do so.

{¶ 32} Furthermore, while this result is due to a quirk of timing, i.e., the court's order would have been final and appealable had White's objections been filed a few hours later, the facts are what they are. In addition, White did not file a notice of appeal until after the trial court filed the second judgment entry on May 26, 2021. Therefore, nothing occurred in the interim to interfere with the court's jurisdiction.

{¶ 33} We note that when the trial court issued its judgment entry on May 26, 2021, the court rejected White's objections because they were untimely and no transcript was filed. Order and Entry (May 26, 2021), at p. 1. While this could perhaps be construed retroactively as an intent not to grant leave to file the untimely objections, the fact is that the objections were filed before the court issued a judgment on April 26, 2017, and they were thus "pending." We cannot rely on the trial court's explanation of its prior action to determine whether the April 26, 2017 order was final. When the court filed its decision on April 26, 2017, there was no way at that time to know if the court had considered the merits of the objections or not.

{¶ 34} Accordingly, we have jurisdiction to review both orders, since White's appeal was timely filed as far as both orders are concerned – again, a quirk based on timing as to when the notice of appeal was filed.

### III. Policy Limitation of Actions

**{¶ 35}** As noted, White did not assign any specific errors, and his brief failed to comply with App.R. 16(A)(1)-(8), which outlines specific requirements for briefs, including tables of contents and cases, a statement of the assignments of error and issues for review (both "with reference to the place in the record where each error is reflected"), a statement of the case, a statement of facts, with appropriate references to the record, arguments regarding each assignment of error, including reasons supporting the contentions and citations to authorities and statutes, and a conclusion.

**{¶ 36}** "Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A)." *City of Kettering v. Fritz*, 2d Dist. Montgomery No. 28319, 2019-Ohio-3388, ¶ 6, citing App.R. 12(A) and *Holfinger v. Stonespring/Carespring, L.L.C.*, 2d Dist. Montgomery No. 27091, 2016-Ohio-7982, ¶ 27-31. In the interests of justice, however, we will consider White's brief rather than striking it or summarily dismissing the appeal. *Id.*, citing *State v. Bolton*, 2017-Ohio-8903, 100 N.E.3d 1275, ¶ 13 (2d Dist.).

**{¶ 37}** Grange has suggested potential assignments of error. We agree that these are appropriate, given White's submissions as well as the record.

**{¶ 38}** The first suggested assignment of error is that the trial court erred in dismissing White's complaint as barred by the limitations period in Grange's insurance policy. Appellees' Brief, p. 4. Before we address this point, we will briefly set forth the standards of review.

### A. Standard of Review

{¶ 39} "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re: Matter of Guardianship of Schwarzbach*, 10th Dist. Franklin No. 16AP-670, 2017-Ohio-7299, ¶ 14. *Accord State v. White*, 2021-Ohio-2703, 176 N.E.3d 124, ¶ 12 (2d Dist.).

{¶ 40} Under Civ.R. 53(D)(3)(b)(i), parties are required to file objections to a magistrate's decision within 14 days of the filing of the decision. Where timely objections are not filed, Civ.R. 53(D)(4)(c) states that "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." As to appellate review in that situation, Civ.R. 53(D)(3)(b)(iv) provides as follows:

Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 41} Civ.R. 53(D)(3)(b)(i) requires objections to be filed in a timely manner. Therefore, if a party's objections are not timely filed, appellate courts review only for plain error. *State ex rel. Ralios v. Iannotta*, 150 Ohio St.3d 7, 2016-Ohio-3309, 78 N.E.3d 814, ¶ 6; *Watley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 07AP-902, 2008-Ohio-3691, ¶ 18. As to plain error in civil cases, "the plain error doctrine is not favored

and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 42} Furthermore, "[i]f a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv). * * * In plain terms, the court of appeals cannot consider evidence that the trial court did not have when it made its decision." *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11.

{¶ 43} In the case before us, White's objections were not timely filed, and he did not file a transcript in the trial court. Our review, therefore, is for plain error only. With these standards in mind, we will consider whether White's claim is barred by the limitations in the insurance policy.

## B. Discussion

{¶ 44} According to the magistrate's decision, White owned a home that was damaged by high winds on November 26, 2018, when a tree limb fell on the roof. Magistrate's Decision (Apr. 7, 2021), p. 1. That day, White notified Grange, and on November 27, 2018, Grange's property claims representative, Elizabeth Taylor, viewed the damage and discussed the claim with White. *Id.* at p. 2. The claim was for damage to the left front corner of the roof caused by a falling tree limb. *Id.* at p. 2, fn. 2. On the

same day, Grange issued a $4,772.05 check to White, which White negotiated.   *Id.*

{¶ 45} Subsequently, White informed Taylor that he had damage to the rear of his roof, and he submitted documentation indicating that the entire roof needed to be replaced.   After reviewing the documentation, Taylor informed White in April 2019 that damage to the rear slope of the roof was a result of improper installation, as well as wear and tear, and was not covered by the policy.   *Id.* at p. 2-3.   Taylor highlighted the pertinent policy provisions and attached them to her letter.   She also reminded White that suit against Grange must be brought within one year after the loss or damage occurred.   *Id.* at p. 3.

{¶ 46} As part of its motion to dismiss and as a trial exhibit, Grange provided the homeowner's policy issued to White.   *See* Ex. A attached to Grange's Motion to Dismiss (Jan. 11, 2021), and Trial Ex. H.   Under Section I, Coverage A, Grange provided coverage for accidental direct physical loss caused to White's dwelling.   *Id.* at A-1.   Among the losses the policy excluded were those caused directly or indirectly by "[w]ear and tear, marring, scratching, or deterioration."   *Id.* at A-3.

{¶ 47} The insurance policy also contained various policy conditions.   Part B of the policy includes subsection I., which is entitled "Suit or Claims Against Us."   *Id.* at B-4.   This subsection states as follows:

> **We** may not be sued unless there is full compliance with all terms of the policy.   A claim for loss resulting from windstorm or hail, must be reported to **us** or **our** agent within 6 months of the loss event, and any suit arising therefrom must be brought within one year after the loss or damage occurs.   Any other suit or claim for loss must be brought within one year

after the loss or damage occurs.

(Emphasis sic.) *Id.*

{¶ 48} After being informed that JW Roofing would be completing work on White's roof, Taylor retained an independent company, which inspected the roof in the presence of White and a representative of JW Roofing. After receiving the findings, Taylor sent an email to JW Roofing on May 14, 2019, indicating that Grange would be sending a supplemental payment of $481.37 to replace and repaint a section of aluminum siding. Taylor again reiterated that the policy did not cover the rear slope. Magistrate's Decision at p. 3-4. A check for this amount was sent the same day, and White negotiated the check. *Id.* at p. 4.

{¶ 49} Subsequently, on May 24, 2019, Grange issued another supplemental check for $515.28 for additional shingles. *Id.* Nearly a year later, in April 2020, White replaced the entire roof at a cost of $9,500. White then filed a small claims action against Grange and Taylor on November 12, 2020, claiming Grange owed $6,000 for the damage to his roof.

{¶ 50} Based on these facts, the magistrate found White's suit was barred because he failed to file his complaint within the one-year time period in Grange's policy. *Id.* at p. 4-5. As previously noted, the trial court filed a decision on April 26, 2021, finding, after an independent review, that there was no error of law or defect in the magistrate's decision and that sufficient facts supported the decision. Final Decision and Entry (Apr. 26, 2021), at p. 1. The court, therefore, adopted the magistrate's decision and also issued a judgment entry dismissing White's action. The second judgment entry filed on May 26, 2021, reiterated these points.

{¶ 51} We agree with the trial court and find no error, let alone plain error. The Supreme Court of Ohio has said that "an insurance contract may lawfully limit the time within which a suit may be brought on that contract of insurance if the period fixed in the policy is not unreasonable." *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 429, 424 N.E.2d 311 (1981), citing *Appel v. Cooper Ins. Co.*, 76 Ohio St. 52, 80 N.E. 955 (1907). The court added that "[s]uch provisions are valid even though the limitation period provided in the contract of insurance is shorter than the period specified in the applicable statute, and a limitation on periods for the commencement of actions to a period of 12 months is not unreasonable." *Id.* at 429-430.

{¶ 52} In a later case, the court upheld a limitation period of one year as unambiguous. *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 8. The policy language in *Dominish* was similar to Grange's policy, and provided that " 'No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within one year after the date of loss or damage.' " *Id.* at ¶ 4. The court found that "[t]he policy states in language clear enough to be plainly understood that any lawsuit by an insured against Nationwide must be commenced within one year of the loss or damage sustained." *Id.* at ¶ 8.

{¶ 53} Given the similarity in the language, Grange's policy was not ambiguous, and White would have plainly understood that he needed to file his action within one year after the November 26, 2018 loss occurred.

{¶ 54} In *Hounshell*, the court also held that "a waiver in these types of cases may occur when the insurer, by its acts or declarations, evidences a recognition of liability

-19-

under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract." *Hounshell*, 67 Ohio St.2d at 431, 424 N.E.2d 311. Notably, *Hounshell* involved different facts than the case before us, as the insurer there "implicitly led the appellees to believe that the company would be liable under the policy for the pro rata share of the fire loss, and it could reasonably be found by a trier of the facts that the result which flowed from this stance of the company was the delay of the appellees in filing an action on the insurance contract." *Id*. at 437. No such facts exist here.

{¶ 55} *Dominish* is factually similar in that it involved a storm and falling tree that damaged a home. *Dominish*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, at ¶ 1. In that case, the insurer sent the insured a check in the same amount twice and the insured sent each check back marked "Void." *Id*. However, the insured waited two years to file suit. *Id*. After reviewing the facts, the court found no waiver because the insurer had "admitted partial liability, offered a check to cover that liability, and denied further liability." *Id*. at ¶ 16. According to the magistrate's findings, that is precisely what occurred here.

{¶ 56} The point White makes in our court is that the limitations period should have run from the time he replaced his roof (April 2020), not the date of loss. White has also said that he waited until this point to make the repairs because he had to save up money. Appellant's Brief at p. 3. These facts are irrelevant, however. The policy clearly stated that the limitations time begins to run when the damage occurred (i.e., the wind storm), and ended one year from that date – not from the date when a party happens to complete repairs.

**{¶ 57}** Accordingly, Grange did not waive the one-year limitations period and the trial court did not commit plain error or any error in finding that White's action was barred. The first proposed assignment of error is overruled.

## IV. CSPA

**{¶ 58}** The second proposed assignment of error raises the issue of whether the limitations period in Grange's policy violated the CSPA. According to Grange, insurance policies are not "consumer transactions" for purposes of the CSPA. Appellee's Brief at p. 11-12. In his brief, White barely mentions the CSPA but does say that the one-year limitation in Grange's policy infringes on the CSPA, which gives consumers two years to bring claims. Appellant's Brief, p. 3. Again, our review is for plain error.

**{¶ 59}** We note that White did not raise the CSPA in his small claims complaint, and the magistrate's decision did not discuss this issue. Further, the only mention of the CSPA was in White's untimely objections, which alleged that Grange's actions in evaluating his claim were deceptive; nothing was said about the time limitations in the CSPA. Objections to the Magistrate's Decision (Apr. 26. 2021), p. 5.[1]

**{¶ 60}** The Ohio Consumer Sales Protection Act is contained in R.C. 1345.01 to 1345.13 and prohibits unconscionable, deceptive, and unfair practices in connection with consumer transactions. For example, R.C. 1345.02(A) states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction."

---

[1] White does mention deception in a reply brief, which we let him file after time had expired. *See* Appellant's Reply Brief (Jan. 28, 2022), p. 2. However, as we note in Part V of the main text, White's objections to the magistrate's decision were untimely, the trial court was not required to consider them, and the court's refusal was reasonable.

Likewise, R.C. 1345.03(A) provides that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction." Under R.C. 1345.09, consumers may bring actions for violation of the CSPA and, in pertinent part, R.C. 1345.10(C) states that "[a]n action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of suit * * *."

{¶ 61} R.C. 1345.01(A) defines consumer transactions that are subject to the CSPA, and also defines transactions that are not. In this regard, R.C. 1345.01(A) says (with certain exceptions that do not apply here), that " '[c]onsumer transaction' does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers * * *." R.C. 1345.01(B) further provides that a "person" includes "an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity."

{¶ 62} Insurance companies are "persons" who are defined in R.C. 5725.01(C), (D), and (E). The Supreme Court of Ohio therefore has held that "transactions between insurance companies and their customers are not consumer transactions." *Dillon v. Farmers Ins. of Columbus, Inc.*, 145 Ohio St.3d 133, 2015-Ohio-5407, 47 N.E.3d 794, ¶ 22. As a result, the statute of limitations in R.C. 1345.10(C) has no bearing on this case or on the one-year limitations period in Grange's insurance policy.

{¶ 63} Based on the preceding discussion, the trial court did not err in failing to consider the two-year statute of limitations that applies to CSPA claims. Accordingly, the second proposed assignment of error is overruled.

### V. Manifest Weight Challenge

**{¶ 64}** Grange's final proposed assignment of error is that the trial court's decision was against the manifest weight of the evidence. Appellees' Brief at p. 13. Because White's argument on appeal consists primarily of attacking the testimony of Grange's claims representative, Taylor, it could be interpreted as a manifest weight challenge.

**{¶ 65}** "In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Supreme Court of Ohio concluded that civil cases should be governed by the manifest weight standards outlined in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997)." *Taylor v. Taylor*, 2d Dist. Miami No. 2012-CA-16, 2013-Ohio-2341, ¶ 33, citing *Eastley* at ¶ 17. Consequently, in civil cases, "[w]hen a [judgment] is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.' " *State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *Thompkins* at 387. "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the [judgment].' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In this case, however, we cannot review the evidence, since the trial court did not have the transcript when considering the magistrate's decision.

**{¶ 66}** After concluding that White's claim was barred, the magistrate went on to

consider the merits of White's claim. This was actually unnecessary, due to the finding that the claim was barred.

{¶ 67} On the merits, the magistrate found that the damage to the rear part of the house was not caused by wind damage on November 26, 2018, and was not covered by the insurance policy. Magistrate's Decision at p. 6. When the trial court reviewed the decision, both on April 26, 2021 and on May 26, 2021, it found sufficient facts to support the decision. This would have been in the nature of finding no "error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(3)(c). In other words, the decision recited sufficient supporting facts.

{¶ 68} In addition, the court rejected White's objections because they were untimely and were not supported by a transcript of the proceedings. Order and Entry (May 26, 2021), at p. 1.

{¶ 69} Under Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." Here, the 30-day time period elapsed on May 30, 2021, which is the same day the time for filing the transcript expired. Thus, the time had not yet expired.

{¶ 70} "Ohio appellate courts repeatedly have recognized a trial court errs in ruling on a party's objections to a magistrate's factual findings without allotting the party the requisite 30 days to obtain the necessary transcript." *Ohio Environmental Protection*

*Agency v. Lowry*, 10th Dist. Franklin No. 10AP-1184, 2011-Ohio-6820, ¶ 14.   We have also found plain error where a trial court deprived an appellant of the opportunity to file a transcript or to seek to supplement his objections.   *See Lincoln v. Rush Expediting, Inc.,* 2d Dist. Montgomery No. 23847, 2010-Ohio-5286.   In *Lincoln*, the appellant filed timely objections on December 29, 2010, challenging the magistrate's factual decision on a particular point.   *Id.* at ¶ 3.   The following day, the trial court overruled the objections and adopted the magistrate's decision, while also commenting that appellant failed to file a transcript.   *Id.*

{¶ 71} Initially, we noted that the trial court incorrectly relied on Civ.R. 53(C)(2), which had been deleted several years earlier when Civ.R. 53 was revised.   *Id.* at ¶ 6. We further observed that the revisions added a new requirement that "the requisite transcript or affidavit be filed within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.   The last sentence of Civ.R. 53(D)(3)(b)(iii) allows an objecting party to seek leave of court to supplement previously filed objections where the additional objections become apparent after a transcript has been prepared."   *Id.* at ¶ 9.   We then said that:

> The trial court erred when it overruled Lincoln's objection to the magistrate's factual finding without allowing Lincoln the thirty days in which to obtain and file a transcript of the hearing before the magistrate that Civ.R. 53(D)(3)(b)(iii) now permits.   *DeFrank-Jenne v. Pruitt*, Lake App. No.2008-L-156, 2009-Ohio-1438.   That error likewise denied Lincoln the opportunity afforded by Civ.R. 53(D)(3)(b)(iii) to seek leave of court to supplement his objection after a transcript was timely filed.

*Id.* at ¶ 10.

**{¶ 72}** While the appellant had not raised this particular error, we found plain error because it occurred in the trial court's final judgment, which was a judgment to which the appellant could not have objected. This affected the basic fairness of the proceeding. *Id.* at ¶ 11-13. We found the same error in subsequent decisions. *See In re D.D.J.*, 2d Dist. Montgomery No. 27256, 2017-Ohio-4202, ¶ 26-28 and 34-37, and *In re K.B.*, 2d Dist. Montgomery No. 27982, 2018-Ohio-3600, ¶ 31.

**{¶ 73}** Other appellate districts have reached the same result where the trial court's decision did not allow 30-days for the filing of a transcript. *E.g. Grant-Ross v. Dunsmore*, 6th Dist. Lucas No. L-20-1203, 2021-Ohio-3509, ¶ 18; *Haverdick v. Haverdick*, 11th Dist. Trumbull No. 2010-T-0040, 2010-Ohio-6256, ¶ 17; *In re B.B.*, 8th Dist. Cuyahoga No. 95872, 2011-Ohio-2928, ¶ 10; *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 25; *Dovel v. Precision Pest Mgt.*, 5th Dist. Stark No. 2016CA00115, 2017-Ohio-203, ¶ 14; and *Lowry*, 10th Dist. Franklin No. 10AP-1184, 2011-Ohio-6820, at ¶ 14. However, a distinction exists between these cases and the one before us. In contrast to the situation here, the other cases involved *timely* objections to a magistrate's decision. *Lincoln* at ¶ 3; *D.D.J.* at ¶ 26-28; *Grant-Ross* at ¶ 18; *Haverdick* at ¶ 6; *B.B.* at ¶ 10; *K.B.* at ¶ 29; *Vannucci* at ¶ 25; *Dovel* at ¶ 13; and *Lowry* at ¶ 10.

**{¶ 74}** We were unable to find any authority applying the same principles to situations involving untimely objections. We did find one case where the objections were untimely and the trial court entered judgment a few days before the thirty-day period for filing the transcript had elapsed. *See Wiltz v. Ohio Accountancy Bd.*, 10th Dist. Franklin No. 16AP-169, 2016-Ohio-8345, ¶ 9 and 33. In that case, the objections were filed one

day late, and the thirty-day period elapsed on February 8, 2016. However, the trial court's entry adopting the magistrate's decision and dismissing the case had been previously filed on February 3, 2016. *Id.* The only observation the court of appeals made about this was that there was no indication that the appellant had requested a transcript, and the appellant did not file a motion to have recordings transcribed until March 3, 2016 (which was the date the notice of appeal was filed). *Id.* at ¶ 33. This is also the situation here, with the sole difference being that White did not arrange for the transcript to be prepared until well after his notice of appeal was filed. *See* White's Show Cause Statement (July 27, 2021).

**{¶ 75}** Notably, "[a] court is not required to address untimely objections." *Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, at ¶ 20. Here, the trial court refused to consider White's objections because they were untimely, which was within the court's broad discretion. *Id.* at ¶ 23. An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Decisions are unreasonable if no sound reasoning supports the decision. *Id. Accord Hornbeck v. Hornbeck*, 2019-Ohio-2035, 136 N.E.3d 966, ¶ 45 (2d Dist.).

**{¶ 76}** In light of the previous discussion, we again find plain error or any error. As noted, the magistrate did not even need to consider the merits of the case because of

the conclusion that the action was barred. Further, the objections were untimely, so the trial court could reasonably decide not to consider them.

{¶ 77} As noted, we allowed White to file an untimely reply brief. In the brief, White alleges that Grange violated uniform minimum practices for settling claims. *See* Appellant's Reply Brief at p. 2, referencing Ohio Adm.Code 3901-1-54. However, White did not raise this issue in the trial court and has forfeited it for purposes of appeal. *Johnson v. SK Tech, Inc.*, 2d Dist. Montgomery No. 23522, 2010-Ohio-3449, ¶ 21; *Care Risk Retention Group*, 191 Ohio App.3d 797, 2010-Ohio-6091, 947 N.E.2d 1214, at ¶ 78. Furthermore, even if plain error applied, White's argument involves factual issues. We cannot consider these matters because White failed to file a transcript in the trial court. *Pallone*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, at ¶ 11.

{¶ 78} Finally, White argues in his reply brief that the trial court erred in dismissing claims against Taylor, who was Grange's adjuster. Appellant's Reply Brief at p. 12-13. As we noted earlier, White failed to object to the March 2, 2021 Magistrate's Order that dismissed Taylor as a party. White therefore may not assign error on this basis, other than plain error. *See* Civ.R. 53(D)(3)(b)(iv). Nothing in either White's brief or reply brief persuades us that this case involves exceptional circumstances affecting the basic fairness or integrity of the judicial process. *Goldfuss*, 79 Ohio St.3d 116, 679 N.E.2d 1099, at syllabus. Thus, we again find no plain error.

{¶ 79} Based on the preceding discussion, the third suggested assignment of error is overruled.

VI. Conclusion

{¶ 80} All of the suggested assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Saylor R. White
Andrew R. Topetzes
Hon. Cynthia M. Heck