[Cite as *Murphy v. Davis*, 2023-Ohio-2795.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Myron L. Murphy

     Appellant

v.

Regina Davis

    Appellee

Court of Appeals No.  L-23-1079

Trial Court No.  CVG-17-05215

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 11, 2023

* * * * *

Myron L. Murphy, Pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an accelerated appeal from the March 3, 2023 judgment of the Toledo Municipal Court denying objections filed by appellant, Myron Murphy, and adopting a magistrate's order releasing a garnishment.  For the reasons that follow, we reverse and remand.

**Background**

{¶ 2} On April 13, 2017, appellant filed a Complaint in Forcible Entry and Detainer for Past Due Rent and Other Money Damages against his tenant, appellee, Regina Davis, seeking an eviction and money damages. The court entered judgment in appellant's favor on the eviction claim on April 28, 2017, and granted appellant a default judgment in the amount of $7,460.75 in a judgment entry journalized on April 6, 2018.

{¶ 3} To collect on the judgment, on January 13, 2023, appellant filed a non-wage garnishment, seeking to garnish any "checking accounts, savings accounts, [c]ertificates of [d]eposit, [and] investment accounts" in appellee's name held by Jeep County Federal Credit Union ("credit union"). A Court Order and Notice of Garnishment of Property Other Than Personal Earnings was sent to the credit union, however, the record does not show that the credit union filed an answer. Additionally, the court issued a Notice to the Judgment Debtor, which notified appellee[1] of the garnishment order issued to the credit union, and provided that if she disputed appellant's right to garnish her property, she could request a hearing by delivering a request for hearing form to the court. If appellee requested a hearing, the hearing was to be held on February 7, 2023 at 8:30 a.m.

{¶ 4} The record does not show that appellee requested a hearing. Nonetheless, appellee appeared in court on February 7, 2023, and a hearing was held. The magistrate then issued an order, journalized on February 8, 2023, which found "No funds. Income is

_____

[1] We note that although the Notice to the Judgment Debtor in the record is addressed to the credit union, appellee has testified to receiving a notice.

2.

pension which is necessary to [appellee's] basic living expenses." The magistrate's order then "released" the garnishment. The docket entry for that date states that "Garnishment hearing for REGINA DAVIS called. Defendant and plaintiff appeared. Garnishment ordered Released."

{¶ 5} Appellant filed objections on February 16, 2023, arguing that he did not receive notice of the hearing held on February 7, 2023, and that appellee "may not have accurately portrayed her financial resources."

{¶ 6} The trial court issued its decision on March 3, 2023. It found appellant's objections not well-taken as appellant failed to provide a transcript of the February 7, 2023 hearing, as required by Civ.R. 53(D)(3)(b)(iii). The court then adopted the magistrate's order. The trial court's judgment stated it was a final and appealable order.

{¶ 7} Appellant appealed.

### Assignments of Error

{¶ 8} Appellant assigns the following as error: the Notice to Judgment Debtor and the Request for Hearing were mailed to the credit union instead of appellee and appellant did not receive notice of the February 7, 2023 hearing.

### Analysis

{¶ 9} Although not raised as error by appellant, we find that the trial court committed plain error by overruling appellant's objections without waiting the statutorily prescribed time for appellant to file a transcript. We acknowledge that plain error in civil

3.

cases "is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself." *Lincoln v. Rush Expediting, Inc.,* 2d Dist. Montgomery No. 23847, 2010-Ohio-5286, ¶ 11, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099 (1997). We believe this to be such a case.

{¶ 10} The trial court found appellant's objections not well-taken on the basis that he failed to provide a transcript of the February 7, 2023 hearing, citing to Civ.R. 53(D)(3)(b)(iii). Civ.R. 53(D)(3)(b)(iii) provides that an "objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause" and it allows a party to seek leave of court to supplement the objections if the party timely filed objections prior to the date on which the transcript was prepared. As appellant did not assign any error on the basis of Civ.R. 53(D)(3)(b)(iii), we may notice this error only under the plain error doctrine. *Lincoln* at ¶ 11. We have previously found plain error when a trial court denied a party's objections on the basis of a lack of a transcript without affording that party the full 30 days in which to file a transcript of a hearing. *Grant-Ross v. Dunsmore*, 6th Dist. Lucas No. L-20-1203, 2021-Ohio-3509, ¶ 18.

**{¶ 11}** As pointed out in *Lincoln*, where plain error was also found for failure to allow the required 30 days for the transcript, the error "prevented [appellant] from filing a transcript, for which the court overruled the objection [appellant] filed.  It also prevented [appellant] from seeking leave to supplement his objection on the basis of a transcript he was denied an opportunity to file.  A transcript could reveal further bases on which to object to the magistrate's factual findings." *Id*. at ¶ 12.  Therefore, as was similarly concluded in both *Grant-Ross* and *Lincoln*, we find this error "affects the basic fairness of the proceeding" and, as a result, the trial court's judgment must be reversed.  *Grant-Ross* at ¶ 18, *Lincoln* at ¶ 13.

## Conclusion

**{¶ 12}** We therefore reverse the March 3, 2023 judgment of the Toledo Municipal Court and remand this matter for proceedings consistent with this opinion.  Pursuant to App.R. 24, appellee is hereby ordered to pay the costs incurred on appeal.

Judgment reversed,<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

5.

Thomas J. Osowik, J.          _____
                                             JUDGE
Myron C. Duhart, P.J.

Charles E. Sulek, J.          _____
CONCUR.                                     JUDGE

                              _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.